## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| DAN LEAHY | : |
|                **Plaintiff** | : |
| | :   **CIVIL ACTION** |
|    **v.** | : |
| | : |
| **I-FLOW CORPORATION, STRYKER** | :   **NO.** |
| **CORPORATION, STRYKER SALES** | : |
| **CORPORATION, McKINLEY MEDICAL, LLC,** | : |
| **MOOG INC. CURLIN MEDICAL, INC., BREG,** | : |
| **INC., ASTRAZENECA LP, ZENECA** | : |
| **HOLDINGS, INC., ABRAXIS BIOSCIENCE,** | : |
| **INC., APP PHARMACEUTICALS, INC.,** | : |
| **HOSPIRA, INC., ABBOTT LABORATORIES,** | : |
| **EASTMAN KODAK COMPANY, DOES 1-5, and** | : |
| **DOES 6-10, inclusive,,** | : |
|               **Defendants** | : |

### NOTICE OF REMOVAL

Defendants Hospira, Inc. ("Hospira") and Abbott Laboratories ("Abbott"), through their undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove to this Court the civil action of <u>Dan Leahy v. I-Flow Corporation, et al.</u>, pending in the Superior Court of New Jersey, Middlesex County under Docket No. MID-L-2067-10.  Without admitting any of the allegations of the Complaint, and in support of removal, Hospira and Abbott respectfully state the following reasons in support:

### BACKGROUND

1.      Plaintiff Dan Leahy filed this products liability lawsuit on March 4, 2010, in the Superior Court of New Jersey, Law Division, Middlesex County, being designated Docket No. MID-L-2067-10 (the "State Court Action"), against defendants I-Flow Corporation, Stryker Corporation, Stryker Sales Corporation, McKinley Medical, L.L.C., Moog, Inc., Curlin Medical, Inc., Breg, Inc., AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca Holdings Inc.

("the AstraZeneca Defendants"), Abraxis Bioscience, Inc., APP Pharmaceuticals Inc., Hospira, Abbott Laboratories, Eastman Kodak Company, and fictitious unnamed "DOE" defendants.

2.      Plaintiff's Complaint alleges damages resulting from the defendants' wrongful conduct in connection with the design, manufacture, testing, distribution, marketing, sales, and usage of defendants' products including a pain pump and injectable local anesthetics. (Compl. at ¶ 1).   Plaintiff seeks damages including compensatory damages, treble damages, punitive damages, costs, and disbursements, including attorney's fees (Compl. "Relief Requested"), as a result of his alleged "serious and permanent damages to his shoulder joint," his "difficulty doing the most basic tasks of everyday living" and "physical and emotional injury," and because he allegedly "will require additional surgeries and treatment in the future." (Compl. at ¶¶ 58, 59, 60).

3.      On May 14, 2010, defendant Breg, Inc. filed a Notice of Removal with this Court based on the fraudulent joinder of defendant AstraZeneca LP, the only alleged non-diverse defendant named in the case.[1] Hospira and Abbott, along with all of the other named defendants, consented to and/or joined the Notice of Removal.   Plaintiff filed a Motion to Remand on June 14, 2010.

4.      On December 21, 2010, the Honorable Judge Mary L. Cooper of this Court found that the Complaint appeared to state facially plausible claims against AstraZeneca LP and therefore ordered the case remanded.  In short, this Court found that the case stated by the initial pleading was not removable because of the presence of defendant AstraZeneca LP.

5.      On February 17, 2011, Plaintiff voluntarily dismissed AstraZeneca LP, the only non-diverse defendant, along with the other AstraZeneca Defendants.   A copy of the filed

---

[1]      Upon removal, the case was docketed under Civil Action No. 3:10-cv-2503-MLC-LHG.

Stipulation of Dismissal with Prejudice as to AstraZeneca Pharmaceuticals LP, AstraZeneca LP and Zeneca Holdings Inc. is attached at Exhibit A.   In light of AstraZeneca LP's dismissal from the case, complete diversity now exists between the parties.

6.      Plaintiff has also voluntarily dismissed defendants Stryker Corporation, Stryker Sales Corporation, McKinley Medical, L.L.C., Moog, Inc., Curlin Medical, Inc., Breg, Inc., Abraxis Bioscience, Inc., APP Pharmaceuticals Inc., and Eastman Kodak Company.  Copies of the dismissals for each of these defendants are attached collectively at Exhibit B.  The only remaining named defendants in this case are I-Flow Corporation, Hospira, and Abbott.

## REMOVAL

7.      Hospira and Abbott remove this action based on Plaintiff's voluntary dismissal of defendant AstraZeneca LP from this case within the last thirty days.  *See* 28 U.S.C. § 1332; 28 U.S.C. § 1446(b).[2]  Plaintiff's filing of the Stipulation of Dismissal with Prejudice as to AstraZeneca Pharmaceuticals LP, AstraZeneca LP and Zeneca Holdings Inc. on February 17, 2011, was the first time Hospira and Abbott obtained receipt, through service or otherwise, of any pleading, motion, order, or other paper from which it might first have ascertained that the case had become removable. This action was commenced on March 4, 2010, less than one year ago. This removal is therefore timely under 28 U.S.C. § 1446(b).

8.      All defendants consent to and join in this Notice of Removal.  Defendant I-Flow Corporation's written consent to and joinder in this removal is attached hereto as Exhibit C.

---

[2]      Section 1446(b) of Title 28 of the United States Code provides in relevant part that, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

9.      This Court is a proper venue for this matter upon removal pursuant to 28 U.S.C.

§ 1441(a) because this Court is the United States District Court for the district and division

corresponding to the place where the State Court action was pending at the time of removal.

10.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders

served upon Hospira and Abbott in the State Court Action are attached hereto as Exhibit D.

### DIVERSITY JURISDICTION

11.     This is an action in which the amount in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between citizens of different States, and is thus

one of which the district courts of the United States have original jurisdiction pursuant to 28

U.S.C. § 1332.  None of the defendants presently in the case are citizens of New Jersey.  This

action is therefore one that may be removed by the defendants to the district court of the United

States for the district and division embracing the place where such action is pending, pursuant to

28 U.S.C. § 1441.

**A.      The 28 U.S.C. § 1332 complete diversity requirement is satisfied.**

12.     Plaintiff was at the time of the filing of his Complaint, and is at the time of filing

this Notice of Removal, domiciled in and a citizen of the State of New Jersey.  (Compl., ¶ 23).

13.     Defendant Hospira was at the time of filing of the Complaint, and is at the time of

the filing of this Notice of Removal, a corporation incorporated under the laws of the State of

Delaware having its principal place of business in the State of Illinois.  (Compl., ¶ 20).  Hospira

therefore is and has been at all relevant times a citizen of Delaware and Illinois.

14.     Defendant Abbott was at the time of filing of the Complaint, and is at the time of

the filing of this Notice of Removal, a corporation incorporated under the laws of the State of

4

Delaware having its principal place of business in the State of Illinois. (Compl., ¶ 21). Abbott

therefore is and has been at all relevant times a citizen of Delaware and Illinois.

15.     Defendant I-Flow was at the time of filing of the Complaint, and is at the time of

the filing of this Notice of Removal, a corporation incorporated under the laws of the State of

Delaware having its principal place of business in the State of California. (Compl., ¶ 24).

I-Flow therefore is and has been at all relevant times a citizen of Delaware and California.

16.     Plaintiff was not at the time of the filing of the Complaint, or at the time of the

filing of this Notice of Removal, a citizen of any State in which any of the defendants are or were

citizens. None of the defendants still in this action was at the time of the filing of the Complaint,

or at the time of the filing of this Notice of Removal, a citizen of New Jersey. There is,

therefore, complete diversity of citizenship between Plaintiff and the defendants.[3]

**B.     The 28 U.S.C. § 1332 amount-in-controversy requirement is satisfied.**

17.     Plaintiff's Complaint purports to state causes of action arising under state law

against the defendants for negligence, products liability (design/manufacturing defect/failure to

warn), breach of express and implied warranties, negligent misrepresentation, violation of the

New Jersey Consumer Fraud Act, punitive damages, and for alleged injuries Plaintiff received

following surgery on his shoulder, during which his surgeon "affixed to Plaintiff's shoulder a

pain pump with continuously injected anesthetic drugs." (Compl., ¶¶ 53, 54). Plaintiff alleges

that defendants' conduct caused or contributed to serious and permanent injuries and damages.

(Compl., *e.g.*, ¶¶ 58-60, 74-75, 85, 107).

---

3       Plaintiff's naming of "Does 1-5" and "Does 6-10" is irrelevant for removal purposes. *See*
28 U.S.C. § 1441(a) ("[T]he citizenship of defendants sued under fictitious names shall be
disregarded.")

18.     For these purported causes of actions, Plaintiff seeks an unspecified monetary award to include compensatory damages, punitive damages, treble damages, economic loss, and costs and attorney fees. (Compl., ¶¶ 58, 59, 60 and "Request for Relief").  Regarding Plaintiff's damages, the Complaint specifically alleges that as a result of his use of the defendants' products:

- "Plaintiff suffered serious and permanent damages to his shoulder joint, including cartilage damage, which is irreversible, disabling, and extremely painful." (*id.* ¶ 58);

- "As a result of his debilitating condition, which is permanent and life-long, Plaintiff concurrently has and will continue to have difficulty doing the most basics tasks of everyday living."  (*id.* ¶ 59);

- "Plaintiff will require additional surgeries and treatment in the future." (*id.* ¶ 59);

- "Plaintiff suffered physical and emotional injury, suffered economic loss and damage, and will continue to suffer from physical and emotional injury and economic loss for the duration of his life." (*id.* ¶ 60);

- "Plaintiff suffered severe injury, resulting in severe pain and discomfort of the shoulder, and loss of use and function of the shoulder and arm.  Plaintiff will also require future medical care, including physical therapy, pain management, additional shoulder surgeries as he ages, including but not limited to shoulder replacement." (*id.* ¶ 74); and

- "Plaintiff has suffered mental distress and anguish and has suffered permanent impairment of the use and function of his affected upper extremities, and other damages."  (*id.* ¶ 74).

19.     In addition to the multiple causes of action in which Plaintiff claims to have experienced "physical and emotional injury and economic loss for the duration of his life," Plaintiff purports to state claims for violation of New Jersey Consumer Fraud Act and punitive damages.  Without admission or concession concerning the legal and/or factual merit of Plaintiff's claims, Plaintiff's Consumer Fraud Act claim, if successful, potentially could include an award of treble damages, plus reasonable attorney fees.  *See* N.J.S.A. § 56:8-19 (2) (2010).

Furthermore, Plaintiff's punitive damages claim, if successful, could allow the Plaintiff to recover up to five times any compensatory damages award. *See* N.J.S.A. § 2A:15-5.14(b). Plaintiff's combined request for compensatory damages, the Consumer Fraud Act damages, and punitive damages likely brings Plaintiffs' damages in excess of the $75,000 jurisdictional requirement. *See Raspa v. Home Depot*, 533 F.Supp.2d 514, 522 (D.N.J. 2007) (finding that requests for punitive damages and attorney's fees are properly considered to determine the amount in controversy) (citing *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 356 (3d Cir. 2004) ("If appropriately made, therefore, a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of plaintiff's claim is below the statutory minimum.")).

20.    Regarding Plaintiff's allegation that he will require "additional shoulder surgeries as he ages, including but not limited to shoulder replacement" (*id.* ¶ 74), the average cost of such a procedure in New Jersey in 2009 was just over $60,000. *See* printout from Center for Medicare and Medicaid Services website, attached at Exhibit E. Based on this data, it appears that the cost of just one medical procedure the plaintiff alleges he will need in the future amounts to over $60,000 in medical costs that the plaintiff is seeking to recover in this action, not including pre-surgical work-up and post-surgical follow-up.

21.    In nationwide litigation pending against Abbott involving similar allegations of injury resulting from the use in the shoulder of continuous-infusion pain pumps with local anesthetics, over 100 of these cases were originally filed in federal court and none have been dismissed for lack of subject matter jurisdiction. Thus, the amount in controversy in all of those federal-court cases exceeded $75,000, exclusive of interests and costs. *Id.*

22.     There were other "pain pump" cases in which Abbott was not involved where the plaintiffs requested, or the jury awarded, millions of dollars in damages.  For example, in three Oregon cases that were consolidated for trial against several pain pump defendants (not including Abbott), counsel for the plaintiffs reportedly were seeking to recover between $11 million and $19 million in total damages.  Further, in January 2010, a jury returned a verdict of $5,475,000 in favor of one injured plaintiff and his spouse against a pain pump manufacturer in a case alleging similar injuries and causes of action in connection with the use of a pain pump after arthroscopic surgery on the plaintiff's shoulder.  *Beale v. I-Flow Corp.*, Case No. 080101554 (Or. Multnomah Co. Cir. Ct. Jan. 22, 2010).

23.     Although plaintiff's Complaint seeks an unspecified amount of damages, it is facially apparent from the Complaint and the contents of this Notice of Removal that the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.  *See Raspa*, 533 F.Supp.2d at 522;   *Clark v. J.C. Penney Corp., Inc.*, 2009 WL 1564175, * 4 (D.N.J. June 1, 2009) (holding that plaintiff's allegations of "multiple serious, permanent, and disabling injuries," along with allegations of "pain and suffering," supported a claim in excess of $75,000; *Avant v. J.C. Penney*, 2007 WL 1791621, * 2  (D.N.J. June 19, 2007) (holding that Plaintiff's allegations that the injuries she sustained are "permanent, severe, and disabling" such that she has needed and will continue to need medical treatment and "has been and will in the future be caused to refrain from her normal pursuits" supported a claim in excess of $75,000). Plaintiff has not alleged in her Complaint that the amount sought is less than the statutory minimum and therefore the case is properly removed as it does not appear to a "legal certainty" that the plaintiff cannot recover the jurisdictional amount.  *Frederico v. Home Depot*, 507 F.3d

188, 197 (3rd Cir. 2007); *accord Raspa*, 533 F.Supp.2d at 522, *Clark v. J.C. Penney Corp., Inc.*, 2009 WL 1564175, at * 3.

24.   Notably, plaintiff's only challenge after the case was initially removed to this Court by former defendant Breg, Inc. concerned citizenship issues and not the amount in controversy.

25.   Accordingly, there is complete diversity of citizenship, proper venue, and the requisite amount in controversy to support removal jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a), and this action has been properly removed from state court in a timely way.

26.   Hospira and Abbott will provide written notice of the filing of this Notice of Removal to the Clerk of the Superior Court of New Jersey, Middlesex County and to all counsel of record.  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit F.

WHEREFORE, Hospira and Abbott remove the State Court Action to the United States District Court for the District of New Jersey.

Dated: February 22, 2011                Respectfully submitted,

                                        LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO


                                        By:___s/Ricky M. Guerra (RG6621)_____
                                            Joseph E. O'Neil, Esquire
                                            joneil@lavin-law.com
                                            Ricky M. Guerra, Esquire
                                            rguerra@lavin-law.com
                                            1300 Route 73, Suite 307
                                            Mt. Laurel, NJ   08054
                                            Telephone:  (856) 778-5544
                                            Facsimile:  (856) 793-0237
                                            *Attorneys for Defendants,*
                                            *Abbott Laboratories and Hospira, Inc.*

9