**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

                                    :
DAN LEAHY,                          :   CIVIL ACTION NO. 11-976 (MLC)
                                    :
      Plaintiff,                    :       O P I N I O N
                                    :
      v.                            :
                                    :
I-FLOW CORPORATION, et al.,         :
                                    :
      Defendants.                   :
_____  :
```

**THE PLAINTIFF** commenced this action in state court on March 4, 2010. (Dkt. entry no. 1, Rmv. Not., Ex. D, Compl. at 1.) The defendants thereafter removed the action ("First Removal"). See No. 10-2503 (MLC), dkt. entry no. 1, 5-14-10 Rmv. Not. The Court remanded the action for lack of jurisdiction under 28 U.S.C. § ("Section") 1332; the plaintiff and one defendant, Astrazeneca LP ("ALP"), were deemed to be New Jersey citizens. See id., dkt. entry nos. 65-66, 12-21-10 Op. & 12-21-10 Order & J.

**A STIPULATION** was entered in state court on February 17, 2011 ("Stipulation"), wherein the plaintiff agreed to the dismissal of the Complaint insofar as it is asserted against ALP "with prejudice". (Rmv. Not., Ex. A, 2-17-11 Stip.) The remaining defendants removed the action for the second time on February 22, 2011, pursuant to Section 1332, asserting that there is now diversity of citizenship ("Second Removal"). (See Rmv. Not.)

**THE SECOND REMOVAL** appears to be proper, as (1) it was effected within (a) 30 days of the Stipulation's entry, and (b)

one year of the action's commencement in state court, and (2) the dismissal of the claims against ALP is with prejudice, thus making it unlikely that the plaintiff will reinstate those claims.  See 28 U.S.C. § 1446(b) (if action not initially removable within 30 days of defendant's receipt, then may be removed within 30 days after receipt of amended pleading, order, or other paper causing action to "become removable", but "case may not be removed on the basis of jurisdiction conferred by section 1332 . . . more than 1 year after commencement of the action"); Benson v. SI Handling Sys., 188 F.3d 780, 782-83 (7th Cir. 1999) ("A premature removal may lead to a perfectly justified remand; but when matters change — for example, by dismissal of a party whose presence spoiled complete diversity of citizenship . . . — the case may be removed, provided only that it is less than one year old."); see also Brown v. Jevic, 575 F.3d 322, 328 (3d Cir. 2009) (second removal notice allowed if remanded action comes to be within federal court's jurisdiction, as removal statute does not categorically prohibit filing second removal notice after remand).

    **THE COURT** has the inherent power to control the docket. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991).  The claims among the remaining parties will proceed under the Civil Action Number assigned to the action pursuant to the Second Removal, and not

the Civil Action Number assigned pursuant to the First Removal. The Court will issue an appropriate order and judgment.

                                                    s/ Mary L. Cooper  
                                        **MARY L. COOPER**  
                                        United States District Judge

Dated:  May 23, 2011